PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN CALCAÑO, Defendant and Appellant.

No. 4591. Argued January 12, 1932.—Decided January 28, 1932.

*R. Martínez Nadal* for appellant. *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Juan Calcaño was accused of involuntary manslaughter in that while driving an automobile on the highroad between Río Piedras and Caguas he did so with such carelessness and negligence and ran at so high a speed that he struck a bridge

and the automobile fell into the precipice beneath it, causing the death of seven persons. After a trial by jury the defendant was convicted and sentenced to two years of imprisonment.

Various errors were assigned, but the principal effort of the appellant was to attempt to convince us that the verdict was against the weight of the evidence. Frequently this Court and other courts have decided that where the government makes out a *prima facie* case, the verdict of the jury will not be disturbed except in a most extraordinary case. *People* v. *Ramírez,* 40 P.R.R. 378; *People* v. *Colón,* 42 P.R.R. 52; *People* v. *González,* 42 P.R.R. 215; *People* v. *Román,* 42 P.R.R. 620.

There was only one eyewitness to the accident who testified against the defendant. In point of fact he was an illiterate man. He was one of the occupants of the car, but was unable to tell even approximately the number of miles at which the automobile was traveling. Nevertheless, if his testimony is examined it will be seen that he said very positively that the automobile was traveling at a high rate of speed. On direct examination the witness stated that the car was going very rapidly, but on cross-examination he more specifically said that the automobile was going at a tremendous speed (*a escape*). Asked whether the defendant reduced the speed, he said: "No, he always went at a high speed." The witness admitted that he did not know anything about number of miles. All the witnesses bore testimony to the effect that the road was a dangerous one, and the intimation was that the road was well known to the defendant. From the whole evidence the jury had a right to believe that the defendant approached the bridge at an undue rate of speed and was guilty of involuntary manslaughter.

The defense was to a large extent that the steering gear became unmanageable and despite all the efforts of the defendant the automobile could not be stopped. The defense placed some insistence on the fact that the said steering gear was

in a bad condition before the accident and that this fact was developed by the testimony of an expert of the government. We place no stress on the fact that the jury was not obliged to believe the testimony of the expert. There was also evidence tending to show that the brakes of the car were not in as good condition as they should have been. It seems to us that if one enters into this supposed excuse then another question might arise whether the defendant, who was an expert chauffeur, should not have seen to it that his car was in good condition before he undertook this dangerous trip.

In any and all events, the case on sufficient proof was submitted to the jury. It is true that a jury perhaps may be swayed by the number of persons who were killed in the accident, but a reviewing court could not base a reversal on this matter of supposed false sympathy, and there is no indication in the record that the jury was so swayed. The defendant has as his counsel an able lawyer and if he could not impress the jury with a doubt we can not see how this court could possibly reverse the finding of that body.

The other errors were not pressed at the hearing and have been sufficiently answered by the *Fiscal* in his brief, and do not need further consideration.

The judgment will be affirmed.